## THE JUDGE OF PROBATE *vs.* MOSES CHAMBERLAIN.

A husband is entitled to the administration of his deceased wife's estate, and to recover to his own use all her choses in action.

THIS was an action of debt upon a probate bond, given by the defendant upon his taking upon himself the burthen of executing the will of *Moses Chamberlain*, deceased. The defendant was defaulted, and upon a hearing of the parties as to the sum, for which execution ought to be awarded, it appeared, that the said *Moses*, the testator, by his will, gave to his daughter *Rhoda* $100, to be paid to her in one year after the decease of her mother. *Rhoda* having married *Lemuel Wheelock*, died without issue, after the decease of her father, but before the decease of her mother, leaving several brothers and sisters. The mother of *Rhoda* died in the year 1819. The question was, whether the husband of *Rhoda* was entitled to the said legacy?

RICHARDSON, C. J. At the common law, administration of the estate of a person dying intestate, belonged of right to no particular person, but it was in the discretion of the ordinary to grant administration to whom he saw fit. But the statute of the 21 H. VIII. gave the administration to the next of kin; and when there happened to be more than one of equal akin, he, who first took administration, was entitled to the surplus of the personal estate, after paying the debts. The law thus remained, until, by the statute of 22 and 23 Car. II. cap. 10, administrators were made liable to make a distribution. But that statute made no express mention of a husband's administering to his wife; and as no person could be in equal degree to the wife with the husband, he was held not to be within the act. And the statute of 29 Car. II. cap. 3, sec. 25, expressly declared, that the husband might demand administration of his deceased wife's personal estate, and recover and enjoy the same, as he might have done before the statute of the 22 and 23 Car. II. cap. 10. Since that time, it seems never to have been doubted, that a husband may administer upon his deceased wife's estate, and that he is entitled, for his own benefit, to all her chattels real, things in action, trusts, and every other species of personal property, whether actually vested in her and reduced to posses-

Judge of Prob. sion, or contingent, or recoverable only by action.    And in
*vs.*
Chamberlain. case the husband dies before he administers, the right to ad-
minister, and to the property, goes to the heirs of the husband.
*Coke Litt.* 351, *note.*—6 *John.* 112, *Whitaker vs. Whitaker.*—
4 *Coke* 51, *Ognel's case.*—1 *Wilson* 168, *Elliot vs. Collier.*—
*Roll's Ab.* 345.—*Comyn's Digest,* "*Baron & Feme*" E. 3.—
*Orphan's legacy* 248 —*Bacon's Ab.* "*Baron & Feme*" C.—
*Lovelass on Wills* 2.—*Wentworth* 383.—*P. Williams* 380.—
*Cro. Car.* 106, *Johns vs. Rowe.*

We are therefore of opinion, that the husband of *Rhoda* is
entitled to the legacy given her by her father.